[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is a breach of an employment .contract action brought by the plaintiff against the Town of East Hartford, Susan G. Kniep who was the Mayor of East Hartford, and Robert J. Crelan who was the Social Services Director of the Town of East Hartford. The defendants move for summary judgment on all three counts.
In Count 1 plaintiff alleges a breach of contract against the Town of East Hartford. The Town claims it is entitled to summary judgment because as a matter of law plaintiff's discharge was for cause pursuant to the terms of her employment contract. The court believes that there is a factual issue which must be tried.
In Count 2 plaintiff alleges that the mayor of East Hartford breached the contract and that such breach was in retaliation for complaints made by the plaintiff regarding irregularities and improprieties in the administration of the Town's welfare program. Plaintiff alleges that her termination was in violation of section 5, paragraph c of the contract and/or Connecticut General Statutes 31-51m(c).
Section 5, paragraph c of the contract provides: "No person employed on the work covered by this contract shall be discharged or in any way discriminated against because she has filed any complaint or instituted or caused to be instituted any proceedings or has testified or is about to testify in any proceedings under or relating to the labor standards applicable hereunder to her employer."
Connecticut General Statutes 31-51m(c) provides in pertinent part as follows: "Any employee who is discharged CT Page 10689 . . . by his employer in violation of the provisions of subsection (b) may, after exhausting all available administrative remedies, bring a civil action . . ."
Connecticut General Statutes 31-51m(b) provides in pertinent part as follows: ". . . No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. . ."
It would appear that the memo written by the plaintiff to the mayor on March 21, 1993 is a "writing to a public body concerning mismanagement" of her employer. Whether she was discharged for just cause or because of this letter is a question of fact.
In Count 3 the plaintiff alleges that defendant Robert J. Crelan was the Social Services Director of the Town of East Hartford, that in advertising for applications for the plaintiff's position, he represented that the contract would run to December 1993, that in reliance upon said "promise" plaintiff commenced working, and when presented with the actual contract, it was for a period less than advertised and previously agreed upon. The court believes that the plaintiff has stated a cause of action in promissory estoppel. The representation that the contract would run to December 1993 was sufficiently, promissory and definitive to support contractual liability. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206.
The motion for summary judgment is denied as to all three counts.
ALLEN, J. CT Page 10690